**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1056**

DAVID CHAVEZ-FLORES,

        Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

**No. 16-1225**

DAVID CHAVEZ-FLORES,

        Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Submitted: September 29, 2016    Decided: October 14, 2016

Before WILKINSON, DUNCAN, and FLOYD, Circuit Judges.

Petitions dismissed by unpublished per curiam opinion.

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Assistant Director, JoAnna L. Watson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Chavez-Flores, a native and citizen of Mexico, petitions for review of orders of the Board of Immigration Appeals dismissing his appeal of the Immigration Judge's decision denying relief from removal, and denying his motion to reconsider. Pursuant to 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony or controlled substance offense. We retain jurisdiction only over constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D) (2012); see Turkson v. Holder, 667 F.3d 523, 526-27 (4th Cir. 2012); Gomis v. Holder, 571 F.3d 353, 358 (4th Cir. 2009) ("[A]bsent a colorable constitutional claim or question of law, our review of the issue is not authorized by [8 U.S.C. §] 1252(a)(2)(D)."). This jurisidictional bar extends to our review of the denial of a motion to reconsider. Bracamontes v. Holder, 675 F.3d 380, 390 (4th Cir. 2012) (dismissing challenge to motion to reconsider for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C)).

Upon review, we find that the claims raised by Chavez-Flores are not sufficiently colorable to invoke this court's jurisdiction. See, e.g., Jian Pan v. Gonzales, 489 F.3d 80, 84 (1st Cir. 2007) ("To trigger our jurisdiction, the putative constitutional or legal challenge must be more than a

3

disguised challenge to factual findings. The underlying constitutional or legal question must be colorable; that is, the argument advanced must, at the very least, have some potential validity."). Accordingly, we dismiss the petitions for review for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITIONS DISMISSED